RUSSELL G. PETTI, State Bar No. 137160
THE LAW OFFICES OF RUSSELL G. PETTI
466 Foothill Blvd., # 389
La Canada, California 91011
818 952-2168 Telephone
818 952-2186 Facsimile
Email: Rpetti@petti-legal.com

Attorneys for Plaintiff Patrick W. McLaughlin

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK W. MCLAUGHLIN,<br><br>Plaintiff,<br><br>VS.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | CASE NO:<br><br>COMPLAINT FOR:<br><br>BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; INJUNCTIVE, EQUITABLE AND DECLARATORY RELIEF; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES' AND COSTS |

Plaintiff, Patrick W. McLaughlin (hereinafter "Plaintiff" or "Mr. McLaughlin"), herein sets forth the allegations of his Complaint against Unum Life Insurance Company of America ("Unum" or "Defendant").

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction" - This action is brought under 29 U.S.C. sections 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Mr. McLaughlin for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is

1

**COMPLAINT FOR ERISA BENEFITS; Case No. _____**

predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

2. This action is brought for the purpose of obtaining Mr. McLaughlin benefits under the terms of an long term disability ("LTD") Plan. It is also brought to enforce Mr. McLaughlin's rights as to an LTD employee benefit plan. Mr. McLaughlin also seeks appropriate equitable relief, prejudgement and postjudgment interest, and attorneys' fees and costs.

3. Prior to his disability Mr. McLaughlin was employed by a company called HR Betty. Due to that employment Mr. McLaughlin was a participant in the HR Betty Disability Plan. The HR Betty Disability Plan was funded by a policy of disability insurance issued by Unum.

4. Since 2012 Mr. McLaughlin has been a resident of Manhattan Beach, California, in the County of Los Angeles.

5. Defendant Unum is a Maine corporation with its principal place of business in Portland, Maine. Unum had the authority to make all decisions for the HR Betty Disability Plan as to whether a participant was entitled to benefits, the amount of the benefits, and any offsets from benefits that were appropriate. Further, the HR Betty Disability Plan was fully funded through the purchase of a Unum policy. As such, Unum had the sole responsibility to pay benefits under the HR Betty Disability Plan.

6. Unum can be found in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) (special venue rules applicable to ERISA actions). In addition, Mr. McLaughlin resides in this judicial district, and Unum's adverse benefit decision occurred in this judicial district. As such, his claim arose in this judicial district.

## STATEMENT OF RELEVANT FACTS

7. Prior to his disability Mr. McLaughlin had two jobs. Along with his employment with HR Betty, Mr. McLaughlin also worked for MassMutual Financial

2

**COMPLAINT FOR ERISA BENEFITS; Case No. _____**

Group ("MassMutual"). Due to his employment with MassMutual, Mr. McLaughlin was a participant in the MassMutual Disability Plan. The MassMutual Disability Plan was funded by a policy of disability insurance issued by Liberty Life Assurance Company of Boston ("Liberty").

8. The MassMutual Disability Plan and the HR Betty Disability Plan had similar terms regarding payment of benefits. Specifically, in the event that Mr. McLaughlin became disabled, both the MassMatual Disability Plan and the HR Betty Disability Plan would pay as benefits a percentage of the income Mr. McLaughlin earned at that particular job. For example, in the event of his disability the HR Betty Disability Plan would pay Mr. McLaughlin 60% of his earnings from HR Betty.

9. The MassMutual Disability Plan and the HR Betty Disability Plan also had similar terms regarding offsets from benefits. An "offset" is a reduction in benefits payable from the respective Plan based on benefits received from other designated sources. Both the MassMutual Disability Plan and the HR Betty Disability Plan allow the respective Plans to offset the amount of Social Security Disability Insurance ("SSDI") benefits that Mr. McLaughlin might receive.

10. Mr. McLaughlin was born with a hiatal hernia, which went undiagnosed for many years. In 1996 he began suffering from a number of symptoms, including difficulty swallowing, shortness of breath, nausea, and vomiting. His hernia was discovered, a 1996 surgery to correct the problem failed, and Mr. McLaughlin suffered an additional injury to his esophagus. In 1997 he had a second surgery, in which diaphragmatic mesh was used to repair the hernia and rebuild his diaphragm.

11. This surgery was initially believed to be successful, however it failed in 2005, when it was determined that the mesh used to contain the hernia had torn. Mr. McLaughlin had an additional surgery to repair the tear and, once again, for a time it appeared this surgery was successful.

12. However on or about December of 2013 Mr. McLaughlin began having trouble breathing. His physicians determined that the mesh used to repair the hernia

had peeled off, and was wrapped around and strangling Mr. McLaughlin's esophagus. Further, Mr. McLaughlin's stomach had migrated up toward his right shoulder. He underwent yet another surgery which involved removal of most of his stomach and creation of a new stomach and esophagus.

13. Unfortunately, this surgery also failed, and Mr. McLaughlin's physicians had to resort to connecting the remaining piece of his original stomach to a permanent feeding tube. He continues to have acid entering his lungs and suffers from extreme pain, and his physicians eventually admitted that his condition was so unusual that they did not know how to repair it.

14. Due to Mr. McLaughlin's medical problems and complications from his numerous surgeries, in December of 2013 UNUM agreed that Mr. McLaughlin was disabled with an assigned disability date of August 6, 2013. Unum began paying Mr. McLaughlin benefits due him under the HR Betty Disability Plan.

15. Similarly, Liberty reviewed Mr. McLaughlin's claim, agreed he was disabled under the terms of the MassMutual Disability Plan, and began providing him with disability benefits.

16. GENEX Services, LLC is a company that Unum uses to assists its insureds in obtaining SSDI benefits. Unum does this because, when the insured receives SSDI benefits, Unum can then offset its monthly benefit payment by the amount of the SSDI payment.

17. On or about June 30, 2015 Unum referred Mr. McLaughlin to GENEX, informing him that GENEX could assist him in obtaining SSDI benefits. On July 1, 2015 GENEX informed Unum that it had accepted Mr. McLaughlin's case and would assist him in obtaining SSDI benefits.

18. In January of 2016 the Social Security Administration ("SSA") approved Mr. McLaughlin's claim for SSDI benefits, as of January 2014 (SSDI benefits are not payable during the first six months of disability). The SSA began payment of monthly benefits, and also made a lump sum payment to Mr. McLaughlin for benefits payable

from January 2014 through December 2015. The SSA also approved an increased amount of SSDI for Mr. McLaughlin, based on his minor child.

19. On January 18 and February 22, 2016 Unum notified Mr. McLaughlin that it was offsetting (i.e. reducing) Mr. McLaughlin's monthly disability benefit by the amount of the monthly SSDI award. In addition, Unum informed Mr. McLaughlin that, because the SSDI award was backdated to January of 2014, his claim was overpaid by the amount of the lump sum payments he received from SSA. Unum demanded that Mr. McLaughlin pay it the amount of the lump sum, or else it would reduce his monthly benefit still further in order to recoup this sum.

20. Mr. McLaughlin received a similar communication from Liberty, in which it reduced his benefits due under the MassMutual Disability Plan by the amount of his SSDI benefit, and sought recovery of the entire amount of the lump sum Mr. McLaughlin received from the SSA.

21. Because Mr. McLaughlin was receiving income from two disability plans, this put him in an untenable position. He was already without any work income. Now, in spite of the fact that he had only received a single lump sum from the SSA, both insurers were demanding that the entire amount of the lump sum be paid to it.

22. Moreover, each of the insurers insisted on offsetting the entire amount of Mr. McLaughlin's SSDI award from the benefit it paid. As such, with two insurers both reducing Mr. McLaughlin's disability benefits by the entire SSDI award, Mr. McLaughlin was in significantly worse financial shape than if SSDI had never been granted.

23. Mr. McLaughlin complained to both Liberty and Unum about the offsets, noting that he only had one income from SSDI and both were taking 100% of it. In response, Liberty did the fair and sensible thing. It recognized that it was only paying Mr. McLaughlin 39% of his disability income. As such, it agreed to reduce the amount of the offset to 39% of his SSDI benefit.

24. Unum, however, insisted on taking 100% of Mr. McLaughlin's SSDI benefits as offsets, in spite of the fact that it was only providing him with 61% of his disability benefits. As such, due to Unum's intransigence, Mr. McLaughlin was still made financially worse off with the grant of SSDI than if these benefits had never been granted.

25. Mr. McLaughlin appealed from Unum's decision to take 100% of the SSDI as offsets, in spite of the fact that it was only providing him 61% of his benefits. Unum denied the appeal, informing Mr. McLaughlin that it would continue taking the full offset.

## FIRST CAUSE OF ACTION AGAINST DEFENDANT UNUM FOR PLAN BENEFITS

26. Mr. McLauglin refers to and incorporates by reference paragraphs 1 through 25 as though fully set forth herein.

27. Unum's decision to offset the full amount of the SSDI benefit was wrong, for three separate reasons.

28. First, Unum's reading of its policy violates state insurance law principles relating to situations like the one here, where more than one policy of insurance covers the same loss. To address this situation policies frequently contain "coordination of benefit" provisions in order to apportion the loss among the insurers. Unum's provision allowing it to take offsets from other benefits received by Mr. McLaughlin constitutes a coordination of benefit provision, as it seeks to coordinate paying for the loss occasioned by Mr. McLaughlin's disability among the various types of disability insurance to which he may become entitled.

29. However, some types of coordination provisions are what are known as "escape clauses." An escape clause is one by which the insurer attempts to shift the entire amount of its insurance burden onto other insurance that may be available. The coordination of benefits provision in the HR Betty Disability Plan constitutes such an escape clause.

30. Escape clauses are unfavored and, under unpreempted California insurance law, as well as the insurance law of other states, they are interpreted to require equitable contributions from all insurers on a pro rata basis, regardless of how the actual provision is worded.

31. In addition, Unum's reading of its policy is inequitable. As noted above, when it came time for Unum to determine the amount of benefits owed to Mr. McLaughlin, it looked only to the pre-disability income earned from a single employer, HR Betty. However, the SSA calculated his SSDI benefit from his total income from all employers.

32. In other words, only a share of Mr. McLaughlin's SSDI benefit is based on his employment with HR Betty. Yet, in spite of the fact that Unum calculates its benefit from the income attributed to that one employer, Unum is offsetting 100% of a benefit that is calculated based on Mr. McLaughlin's total employment.

33. In addition, Unum's reading of its policy provision violates the law that prevents alienation of Social Security benefits, set out in 42 U.S.C. § 107(a).

34. Mr. McLaughlin has exhausted all administrative remedies required under ERISA, and he has either performed all duties and obligations on his part to be performed under the HR Betty Disability Plan, or those duties have been waived or excused as a matter of law.

35. Mr. McLaughlin seeks an Order of this Court that Unum reduce the amount of the offset it is taking for SSDI benefits to 61% of those benefits, retroactive to the date at which Unum began taking its offset.

36. Further, as a further direct and proximate result of Unum's adverse benefit decision regarding the amount of Mr. McLaughlin's benefits, in pursuing this action he has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Mr. McLaughlin is entitled to have such fees and costs paid by Unum.

///

///

**COMPLAINT FOR ERISA BENEFITS; Case No. _____**

## SECOND CAUSE OF ACTION AGAINST DEFENDANT UNUM FOR EQUITABLE RELIEF

37. Mr. McLaughlin refers to and incorporates by reference paragraphs 1 through 36 as though fully set forth herein.

38. As a direct and proximate result of Unum's decision to take 100% of the SSDI benefits as offsets in spite of the fact that it is only paying 61% of his disability benefits, Unum is acting inequitably and contrary to its obligations as an ERISA fiduciary, to Mr. McLaughlin's detriment. As such, Mr. McLaughlin is entitled to and hereby requests that this Court grant him the following relief pursuant to 29 U.S.C. § 1132(a)(3):

   i. Reformation of the HR Betty Disability Plan to mandate that Unum may only offset that portion of Mr. McLaughlin's SSDI benefits that is commensurate with the 61% of Mr. McLaughlin's disability benefits that it is paying;

   ii. Restitution and an order of Surcharge against the HR Betty Disability Plan, that it repay to Mr. McLaughlin all offsets it has taken from Mr. McLaughlin's SSDI benefits in excess of the 61% to which it is equitably entitled;

   iii. Issuance of a mandatory injunction requiring Unum to cease taking excess offsets from Mr. McLaughlin's SSDI benefits and to return any excess offsets it has previously taken from Mr. McLaughlin; and

   iv. Such other and further relief as the Court deems necessary and proper to protect Mr. McLaughlin's interests as a disabled employee and/or participant under the HR Betty Disability Plan.

39. Further, as a further direct and proximate result of Unum's improper and inequitable conduct regarding Mr. McLaughlin's LTD benefits, in pursuing this action

///

8

COMPLAINT FOR ERISA BENEFITS; Case No. _____

he has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Mr. McLaughlin is entitled to have such fees and costs paid by Unum.

### THIRD CAUSE OF ACTION AGAINST DEFENDANT UNUM FOR DECLARATORY RELIEF

40. Mr. McLaughlin refers to and incorporates by reference paragraphs 1 through 39 as though fully set forth herein.

41. A controversy now exists between Defendant on the one hand and Plaintiff on the other as to what extent Defendant is entitled to offset Mr. McLaughlin's SSDI benefits from the disability benefit it owes him. Plaintiff therefore seeks a declaration by this Court that Unum's ability to take offsets from his SSDI benefits should be limited to 61% of those benefits.

42. Further, as a further direct and proximate result of Unum's improper and inequitable conduct regarding Mr. McLaughlin's LTD benefits, in pursuing this action he has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Mr. McLaughlin is entitled to have such fees and costs paid by Unum.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff Patrick McLaughlin prays for relief against Defendant Unum Life Insurance Company of America as follows:

1. For an order that it limit its offsets from Mr. McLaughlin's SSDI benefits to 61% of those benefits;

2. For an order that it repay to Mr. McLaughlin any offsets from his SSDI benefits that it has previously taken that are in excess of 61% of those benefits;

3. For equitable relief reforming the Plan to limit Unum's right to offset other benefits received to 61% of those benefits, as well as an order of restitution and surcharge that Unum return any offsets that it has taken in excess of this amount;

///

4. Pursuant to 29 U.S.C. § 1132(g), for all costs and attorney fees incurred in pursuing this action;

5. For prejudgement and postjudgment interest; and

6. For such other and further relief as this Court deems just and proper.

DATED: February 12, 2017      Law Offices of Russell G. Petti

BY   S/*Russell G. Petti*
     Russell G. Petti
     Attorney for Plaintiff
     Patrick W. McLaughlin

**COMPLAINT FOR ERISA BENEFITS; Case No. _____**